UNITED STATES of America,

v.

Charles Desmond DRAYTON,
Appellant.

No. 04–3200.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR
34.1(a) April 8, 2005.

Decided April 13, 2005.

Theodore B. Smith, III, Office of United
States Attorney, Harrisburg, PA, for Appellee.

Ronald A. Krauss, Office of Federal
Public Defender, Harrisburg, PA, for Appellant.

Before BARRY, AMBRO, and
GREENBERG, Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court
on appeal from a judgment of conviction
and sentence entered on July 28, 2004,
following appellant Charles Desmond
Drayton's plea of guilty pursuant to a plea
agreement to an indictment charging him
with interstate travel in aid of distributing
and possession with intent to distribute
heroin in violation of 18 U.S.C.
§ 1952(a)(3). The district court calculated
Drayton's guideline range at 63 to 78
months but sentenced Drayton to a 60–
month custodial term, the maximum allowed by statute, to be followed by a
three-year term of supervised release and
imposed a $500 fine. Drayton appeals contending that because the "district court
imposed [his] sentence based on the unconstitutional Federal Sentencing Guidelines,
this Court should vacate [his] sentence and
remand for resentencing." Appellant's br.
at 9. The district court had jurisdiction
under 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291 and
18 U.S.C. § 3742(a).

Drayton contends that this appeal, as is
the situation in many cases before us at
this time, involves the transition to the
principles of *United States v. Booker*, ——

U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Nevertheless this appeal is unusual because the maximum statutory sentence was less than the bottom end of the guideline range applicable in this case, a circumstance that suggests that the guidelines were not germane here. The district court, however, indicated that "[b]ecause I believe that I am bound by the guidelines, I will impose a guideline sentence." App. at 61. Thus, the guidelines may have impacted on the sentence the court imposed. In these circumstances we have concluded that the issue with respect to Drayton's sentence raised on this appeal best would be determined by the district court in the first instance.

In accordance with the aforesaid, we will vacate the sentence in the judgment of conviction and sentence entered July 28, 2004, and will remand the case to the district court for resentencing. We, however, will not disturb the conviction.